**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Joyce D., | Case No. 2:23-cv-01344-DJA |
| Plaintiff, | |
| v. | **Order** |
| Christopher Viera, | |
| Defendant. | |

Plaintiff Joyce D. is representing herself and proceeding *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 7). Plaintiff has filed a second amended complaint, which the Court screens. (ECF No. 13). Because the Court finds that Plaintiff's second amended complaint has not met the basic requirements to satisfy screening, it dismisses her complaint without prejudice and with leave to amend. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.      Discussion.**

Plaintiff's complaint does not meet the requirements to pass screening. When a plaintiff seeks leave to file a civil case *in forma pauperis*, the court will screen the complaint. *See* 28 U.S.C. § 1915(e). For social security appeals, judges in this district consider four requirements for complaints to satisfy screening. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases). *See id.* First, the complaint must establish that administrative remedies were exhausted under 42 U.S.C. § 405(g) and that the plaintiff filed the application within 60 days after notice of the Social Security Commissioner's final decision. *See id.* Second, the complaint must indicate the judicial district in which the plaintiff resides. *See id.* Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled. *See id.* Fourth, the complaint must contain a plain, short, and concise

statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See id.*

Here, Plaintiff's second amended complaint does not satisfy the fourth requirement. Regarding the first requirement, Plaintiff claims to have received notice that the Commissioner's decision was final on July 5, 2023. (ECF No. 13 at 6). While Plaintiff does not attach a copy of the Commissioner's final decision or a copy of the notice she received that her appeal was denied from the Social Security Appeals Council, liberally construing Plaintiff's complaint, she has alleged that she timely filed her appeal given her initial application to proceed without paying the filing fee less than sixty days later. (ECF No. 1). Regarding the second requirement, Plaintiff provides her address which shows that she lives in the jurisdictional bounds of this Court. (ECF No. 13 at 4). Regarding the third requirement, although Plaintiff does not provide the date she became disabled, the form she submitted does not require that information and Plaintiff otherwise explains that she has pain, weakness, numbing, and issues with bowel movements and attaches records showing that she has been diagnosed with degenerative disc disease, bulging discs, and has undergone back surgery. (*Id.* at 6); (ECF No. 13-1 at 3).

However, Plaintiff's second amended complaint does not satisfy the fourth requirement. She checks the box indicating that "[t]he Commissioner found the following facts to be true, but these facts are not supported by substantial evidence in the record." (*Id.* at 6). She then answers in a way that is not responsive to the question, stating "I have more records to show that I'm still not well. I still have issues. I still have pain, weakness, numbing and trouble with bowel movements after surgery." (*Id.*). The Court notes that this is the same information that the Court found inadequate in her last amended complaint, although Plaintiff has now added one line stating, "still with same issues and with new pains also neck issues, new records from PCP." (*Id.*). This does not explain Plaintiff's disagreement with the determination made by the Social Security Administration. Because Plaintiff's complaint does not meet the fourth requirement, it does not satisfy screening and the Court dismisses Plaintiff's complaint without prejudice and with leave to amend. In any amended complaint, Plaintiff must explain why she believes that the Social Security Administration wrongfully denied her claim for benefits.

Plaintiff also names the wrong party in her second amended complaint.  Under 20 C.F.R. § 422.210(d), in cases where a claimant is seeking judicial review of a decision by an administrative law judge, administrative appeals judge, or the Appeals Council under 20 C.F.R. § 422.210(a), "the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant."  So, the proper Defendant in this action would be the current Commissioner of Social Security, Frank J. Bisignano.  The Court informed Plaintiff of this issue in its prior order, however Plaintiff has not updated the Defendants in her second amended complaint.  Plaintiff must name the correct defendant in any amended complaint.

///

///

///

**IT IS THEREFORE ORDERED** that the second amended complaint (ECF No. 13) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **March 22, 2026** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send a copy of this order to Plaintiff along with a copy of the Form Complaint for Review of a Social Security Disability or Supplemental Security Income Decision.[1]

DATED: February 19, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form can also be found online at https://www.uscourts.gov/forms/pro-se-forms/complaint-review-social-security-decision