**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Joyce D., | Case No. 2:23-cv-01344-DJA |
| Plaintiff, | |
| v. | **Order** |
| Christopher Viera, | |
| Defendant. | |

Plaintiff Joyce D. is representing herself and proceeding *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 7). Plaintiff has filed a third amended complaint, which the Court screens. (ECF No. 15). Because the Court finds that Plaintiff's third amended complaint has not met the basic requirements to satisfy screening, and because the Court finds that any attempted amendment would be futile given Plaintiff's repeated amendments without success, the Court dismisses her complaint without leave to amend and closes this case.[1] The Court finds these matters properly resolved without a hearing. LR 78-1.

---

[1] This case has been assigned to the undersigned magistrate judge pursuant to General Order 2019-08, as amended by General Order 2023-12. After attorney Christopher Viera appeared on behalf of Defendant S.S.D.I. Appeals Council (ECF No. 6), Plaintiff amended her complaint to name Christopher Viera "DSS Council Admd. [sic] Office" as a Defendant (ECF Nos. 10, 13). It is not clear if Plaintiff intended "DSS Council Admd. Office" to be a separate Defendant or Viera's title. But Plaintiff only listed Viera on the page requiring her to list the parties. *Compare* (ECF No. 10 at 4) *with* (*Id.* at 5); *compare* (ECF No. 13 at 4) *with* (*Id.* at 5). In her third amended complaint, Plaintiff still lists Viera "DSS Council Admid. [sic] Office" as a Defendant, but on the page asking her to list the parties, lists "DSS Council Admid, Office" as Viera's address. (ECF No. 15 at 1-2). The Court therefore does not construe DSS Council Admd./Admid [sic] Office to be a separate Defendant. And because the S.S.D.I. Appeals Council, Viera, and the SSA-Office of the General Counsel (as an interested party) have all appeared in this case and have not revoked consent to the undersigned's jurisdiction, the undersigned finds that this case is properly before him. *See* 28 U.S.C. § 636(c). The undersigned therefore issues this decision as an order.

**I.      Discussion.**

Plaintiff's complaint does not meet the requirements to pass screening.  When a plaintiff seeks leave to file a civil case *in forma pauperis*, the court will screen the complaint.  *See* 28 U.S.C. § 1915(e).  For social security appeals, judges in this district consider four requirements for complaints to satisfy screening.  *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases).  *See id.*  First, the complaint must establish that administrative remedies were exhausted under 42 U.S.C. § 405(g) and that the plaintiff filed the application within 60 days after notice of the Social Security Commissioner's final decision.  *See id.*  Second, the complaint must indicate the judicial district in which the plaintiff resides.  *See id.*  Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled.  *See id.*  Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.  *See id.*

Here, Plaintiff's third amended complaint still does not satisfy the first or fourth requirement.  Regarding the first requirement, in her second amended complaint Plaintiff claimed to have received notice that the Commissioner's decision was final on July 5, 2023. (ECF No. 13 at 6).  However, in her third amended complaint, in response to the question asking when Plaintiff received notice that the Commissioner's decision was final, Plaintiff writes "June 8 of 2022 Reoccuring [sic] incidents / was let go by professional advocate July 5, 2023." (ECF No. 15 at 3).  Plaintiff does not attach a copy of the Commissioner's final decision or a copy of the notice she received that her appeal was denied from the Social Security Appeals Council.  Plaintiff attaches a letter from Professional Advocates, Inc. dated August 7, 2023, concluding its services regarding her Social Security case and informing her that "you have 60 days from the Appeals Council denial to file a complaint in Federal Court." (ECF No. 15 at 5).  This does not aid the Court in determining when the Commissioner's decision became final.  It is unclear when the Commissioner's decision became final, but if the Court considers that the Commissioner's decision became final on June 8, 2022, then Plaintiff's case is untimely.

Regarding the second requirement, Plaintiff provides her address which shows that she lives in the jurisdictional bounds of this Court. (ECF No. 15 at 2). Regarding the third requirement, although Plaintiff does not provide the date she became disabled, the form she submitted does not require that information and Plaintiff otherwise explains that she has pain, weakness, numbing, and issues with bowel movements and attaches records showing that she has been diagnosed with degenerative disc disease, bulging discs, and has undergone back surgery. (*Id.* at 3, 4).

Plaintiff's third amended complaint does not satisfy the fourth requirement. She checks the box indicating that "[t]he Commissioner found the following facts to be true, but these facts are not supported by substantial evidence in the record." (*Id.* at 3). She then answers in a way that is not responsive to the question, stating "I have more records & letter from my PCP (presumably, primary care physician) that show I'm still not well. I still have pain, weakness, numbing, trouble w/ bowel movements, walking even after surgery." (*Id.*). The Court has twice informed Plaintiff that this answer is insufficient to fulfill the screening requirements, but Plaintiff has repeatedly provided a substantially similar answer.[2] (ECF No. 10 at 6) (first amended complaint in which Plaintiff states, "I have more records to show that I'm still not well. I still have issues. I still have pain, weakness, numbing and trouble with bowel movements after surgery."); (ECF No. 13 at 6) (second amended complaint in which Plaintiff states, "I have more records to show that I'm still not well. I still have issues. I still have pain, weakness, numbing and trouble with bowel movements after surgery, still with same issues and with new pains also neck issues new records from PCP"). Again, this does not explain Plaintiff's disagreement with the determination made by the Social Security Administration. Finally, Plaintiff has not signed the complaint as required by Federal Rule of Civil Procedure 11.

Because Plaintiff's third amended complaint does not meet the first or the fourth requirement, it does not satisfy screening. Because this is Plaintiff's third repeated failure to cure

---

[2] The Court notes that Plaintiff still names the wrong Defendant despite the Court's repeated explanations that the proper Defendant is the current Commissioner of Social Security, Frank J. Bisignano. *See* 20 C.F.R. § 422.210(a).

the deficiencies in her complaint, the Court finds that giving Plaintiff leave to amend would be futile. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (explaining that the court should freely grant leave to amend in the absence of any declared reason such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility).  The Court therefore dismisses Plaintiff's complaint without leave to amend.

**IT IS THEREFORE ORDERED** that the third amended complaint (ECF No. 15) is **dismissed without leave to amend.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **send** a copy of this order to Plaintiff and to **close this case.**

DATED: June 5, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE